UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MICHAEL YOUNG**     **PLAINTIFF**

vs.     **CIVIL ACTION NO. 3:22-CV-41-CRS**

**DWAYNE CLARK**     **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court on two interrelated motions. Plaintiff Michael Young, *pro se*, moved for summary judgment. DN 15. Defendant Dwayne Clark responded in opposition and cross-moved for summary judgment. DNs 16, 17. Young responded (DN 19) and Clark replied. DN 21.[1] The matter is now ripe for adjudication. For the following reasons, the Court will grant Defendant's motion for summary judgment, and deny Plaintiff's motion for summary judgment.

## I. BACKGROUND

Young, a pretrial detainee confined at the Louisville Metro Department of Corrections (LMDC), instituted this 42 U.S.C. § 1983 action against LMDC Director of Metro Corrections Dwayne Clark on January 28, 2022. DN 1. The Court construed the complaint as asserting claims of deliberate indifference to health and safety in violation of the Fourteenth Amendment. DN 8. Young's complaint, signed under penalty of perjury, states that conditions at the LMDC jail put him at risk for contracting the Covid-19 virus. DN 1. The complaint states that Young contracted the Covid-19 virus in October 2021 due to the living conditions and overcrowding at LMDC. *Id.*

---

[1] Defendant has moved to substitute DN 21 and strike DN 20. DN 22. Defendant's filing was designated as both a response to Plaintiff's motion for summary judgment (DN 20) and a reply in support of Defendant's motion for summary judgment. DN 21. Defendant has submitted a corrected document (DN 22-1) to substitute for DN 21 and reflect that this filing is simply a reply. The Court will grant the motion, strike DN 20/21, and direct the clerk to file DN 22-1.

at 23. The complaint also states that Young was confined in overcrowded and dirty living conditions. *Id.* Young filed a January 25, 2022, inmate grievance form with the complaint. DN 1-2. In the grievance, Young complained of overcrowding, lack of quarantine for sick inmates, and that the dorm was dirty. DN 1-2. Young also requested cleaning supplies and testing for sick inmates. *Id.* Upon review of the complaint, the Court permitted the action to proceed. DN 8.

Clark was served on June 24, 2022. DN 12. He filed an answer on June 30, 2022. DN 13. Young filed a pre-trial memorandum and motion for summary judgment on July 11, 2022. DNs 14, 15. Clark responded and moved for summary judgment. DN 17.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant has the burden to establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). This burden may be met by "showing that the materials cited do not establish the absence or presence of a genuine dispute." FED. R. CIV. P. 56(c)(1)(B). If the movant has the burden of proof at trial "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and emphasis omitted). Once the moving party has met the burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014).

In undertaking this analysis, the Court must view the evidence "in the light most favorable" to the nonmovant. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 1774, 167 L. Ed. 2d 686

(2007) (citation omitted). But "[e]vidence suggesting a mere possibility is not enough to get past the summary judgment stage." *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986). A genuine issue for trial exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243, 106 S. Ct. 2505, 2507, 91 L. Ed. 2d 202 (1986). A *pro se* plaintiff must adhere to the requirements of Rule 56 of the Federal Rules of Civil Procedure. "The liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (internal citations omitted).

### III. DISCUSSION

#### A. Young's Motion

Young filed a pre-trial memorandum and motion for summary judgment on July 11, 2022, eleven days after Clark had filed his answer. DNs 13, 15. Young's motion was unsworn and did not cite to materials in the record. DN 15. Clark has denied the allegations contained in the complaint. DN 13. Clark argues that no discovery has been taken in this case. DN 17, at PageID # 93.

In the Sixth Circuit, "a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery." *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994). The Court's scheduling order states: "[e]ither party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion." DN 8, at PageID # 38. Young has failed to argue why discovery is unnecessary for the resolution of his motion, and his claims are disputed. Young's motion did not cite to particular parts of materials

3

in the record and demonstrate that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1). Young's motion for summary judgment will be denied.

### B. Clark's Motion

Clark argues that he is entitled to summary judgment because Young failed to exhaust his institution's available administrative remedies, as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). DN 17, at PageID # 94. Clark contends that no further discovery on this issue is required because administrative exhaustion is factually limited and separate from the merits of the claim. DN 17, at Page ID # 97. Young does not dispute this contention.

"No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 2385, 165 L. Ed. 2d 368 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). This means the prisoner must "compl[y] with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017). The exhaustion requirement "gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94.

An inmate "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Courts may "permit a plaintiff to amend his complaint to add claims that were exhausted after the commencement of the lawsuit, provided that the plaintiff's original complaint contained at least one fully exhausted claim."

*Mattox*, 851 F.3d at 595. Therefore, an inmate must have fully exhausted his institution's grievance procedures on at least one of his claims before filing suit.

The LMDC has an "Inmate Grievance Procedure" that requires an inmate to file a grievance within five working days of an incident. DN 17-3, at PageID # 106. An inmate may appeal the resolution of the grievance to the next level within five working days. *Id.* at 107. If there is no response to a grievance within forty-five days, the inmate has five working days in which to appeal to the next level. *Id.* at 107. The appeal must be "in writing to the Director/designee." *Id.*

Clark has produced the affidavit of Stephanie Brown, who asserts she is responsible for grievances at LMDC. DN 17-2. Brown states that the January 2022 grievance was the only grievance Young has submitted related to the Covid-19 virus and LMDC conditions. *Id.* Young has not argued or presented evidence that he has filed any other grievance on this issue. Young did not file a timely grievance within five days of his October 2021 illness. Because he did not exhaust his institution's administrative remedies, summary judgment is proper on this claim.

The Court will construe Young's January 2022 grievance as a separate claim that was set forth in his complaint. DNs 1, 1-2. In that grievance, Young complained that the dorm was overcrowded and dirty, and that sick inmates were not properly quarantined. DN 1-2. Clark argues there was no resolution of the January grievance, and that it was never denied. DN 17-1, at PageID # 100; DN 22-1, at PageID # 146. Clark argues that because the grievance was not appealed in accordance with LMDC policy, Young failed to exhaust his administrative remedies. *Id.*

Young's response states that "the grievance staff don[']t give Inmates chances to even appeal their decision." DN 19, at PageID # 117. This general statement does not address the circumstances related to the January 2022 grievance. It is unclear whether Young contends he received a denial of that grievance. *See id.* at 118. Young admits that he did not file an appeal,

5

stating: "plaintiff told the grievance staff he wanted to appeal it in the grievance staff stated she will check appeal for him but failed to do so in the grievance staff is not doing their job properly." *Id.* Young has not pointed to specific facts regarding his attempt to appeal the grievance and comply with the inmate grievance procedure. *See Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (discussing the effort required to exhaust administrative procedures).

In any event, the complaint was filed on January 28, 2022, three days after Young submitted the grievance. DNs 1, 1-2. He did not exhaust the LMDC grievance procedures before *filing* the lawsuit. Exhaustion is "a precondition to filing an action in federal court." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Dismissal is proper when the plaintiff has "not properly exhausted *any* claims before filing the original complaint." *Mattox*, 851 F.3d at 594 (emphasis in original). Inmates must proceed through the correctional institution's entire administrative process, including resolution of the grievance and any available appeals, to properly exhaust a claim. Young did not properly exhaust his institution's administrative remedies for the January grievance, or any other claim, before filing this action. *See* DN 17-2; DN 17-3. Therefore, dismissal without prejudice is proper. *See Freeman*, 196 F.3d at 645.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Clark's motion for summary judgment, deny Young's motion for summary judgment, and dismiss the case without prejudice. A separate order will be entered in accordance with this opinion.

February 10, 2023

Charles R. Simpson III, Senior Judge
United States District Court